## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **No. 3:98-cr-107-M** |
| | § | |
| **BERNARD JOSEPH DOLENZ,** | § | |
| | § | |
| **Defendant/Petitioner.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

On August 2, 2013, Defendant Bernard Joseph Dolenz filed a motion seeking review of *Brady Violations, Lack of Jurisdiction in Criminal Case, and Corum [sic] Nobis Relief. See* Dkt. No. 256. Judge Lynn referred this motion to the undersigned magistrate judge. *See* Dkt. No. 257.

In 1998, Defendant was convicted of mail fraud and sentenced to 90 months' imprisonment, a three-year term of supervised release, and $1,008,315.53 in restitution. *See United States v. Dolenz*, No. 3:98-cr-107 (N.D. Tex. 1998), *aff'd*, No. 99-10032 (5th Cir. 2000). Defendant has unsuccessfully sought post-conviction relief through numerous motions for new trial, for acquittal, to vacate sentence, to reduce sentence, for relief from judgment, and for writ of error *coram nobis*. His supervised release was also revoked, and he was recommitted to the Bureau of Prisons. Defendant requests the Court to revisit the denial of *coram nobis* relief, alleging claims under *Brady v. Maryland,* 373 U.S. 83 (1963).

The writ of *coram nobis* is an "extraordinary remedy" intended to achieve justice when "errors 'of the most fundamental character'" have occurred in a criminal proceeding. *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (quoting *United States v. Morgan*, 346 U.S. 502, 511-12 (1954)); *see also United States v. Denedo*, 556 U.S. 904, 911-13 (2009). It is available to a defendant "no longer in custody who seeks to vacate his conviction in circumstances where 'the [defendant] can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief.'" *United States v. Castro*, 26 F.3d 557, 559 & n.3 (5th Cir. 1994) (quoting *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989)). The *coram nobis* remedy "should issue to correct only errors which result in a complete miscarriage of justice." *Marcello*, 876 F.2d at 1154 (citing *Morgan*, 346 U.S. at 512). And "a petitioner bears the considerable burden of overcoming the presumption that previous judicial proceedings were correct." *Dyer*, 136 F.3d at 422. Further, the Court "will generally not presume that the collateral consequences of a prior conviction are sufficiently substantial to demonstrate the 'compelling circumstances' that warrant *coram nobis* relief." *Id.* at 429.

Defendant asserts that the Government withheld exculpatory evidence and engaged in prosecutorial misconduct. To state a *Brady* violation, a defendant must show that the prosecution suppressed evidence favorable to the accused that was material to either guilt or punishment. *See United States v. Garcia,* 567 F.3d 721, 735

2

(5th Cir. 2009). "Evidence is material under *Brady* when there is a reasonable probability that the outcome of the trial would have been different if the suppressed evidence had been disclosed to the defendant." *Id.* (internal quotation marks omitted).

> Defendant asserts that his
>
> case began with a QUI TAM LAWSUIT being filed UNDER SEAL by Attorney John Boundy January 30, 1996. Disclosure was not made of this by the prosecutor nor Boundy's materials, violating Brady v. Maryland. Jaencks statements favoring Dolenz were not revealed including two affidavits from Federal agents that there was no billing nexus to the Federal government to support the qui tam lawsuit.

Dkt. No. 256 at 2. He also adds that

> Prosecutor Peter Winn prosecuted this case most foul. He failed to produce exculpatory materials to Dolenz violating *Brady v. Maryland*, 373 U.S. 83. (1963) by not disclosing to Dolenz evidence in his possession that is both favorable and material to guilt or punishment at a time sufficient for it to be used for trial.

*Id.* at 3. Defendant then lists "some of the glaring Brady materials not produced by Winn," *id.*, including:

> A. Winn's affidavit of 2/3/97, while the QT suit was under seal and in collusion with Boundy schemed to have the criminal trial go before the civil case.
>
> . . .
>
> B. Winn failed to disclose statements of over 40 patients who gave laudatory statements about Dr. Dolenz, and such statements were selectively absent. More importantly Winn failed to reveal his understanding and agreement with Brenda Helmer, Dr. Dolenz's daughter that a deal was made with her to testify against her own father, THREATENING HER WITH MISPRISON UNLESS SHE

3

COOPERATED.

. . .

C. Winn failed to disclose that Boundy had delivered 3-4 bank-box files of materials about Dr. Dolenz's billings, patient's names and treatments, obtained without releases.

. . .

D. Winn failed to give documents from A USDA Umphres that would support his pleadings (QT suit 155) that said: " ... Mrs. Corbin ... carried insurance through a private carrier and so no false claims had been submitted to the Department of Labor or other federal agency pertaining to her medical treatment."

E. Winn' failed to produce statements from Agent Wickersham such as given in his Declaration (QT suit 162): "Although we reviewed the claims relating. to Ms. Corbin that are referenced in the qui tam lawsuit filed by the Relator in this case, John Boundy, it turned out that the claims related to Ms. Corbin had not been submitted to OWCP but rather to a private insurance carrier. Thus, there was no false claim to OWCP pertaining to Ms. Corbin and no loss by OWCP pertaining to her."

F. Winn failed to produce the verified complaint by John Boundy that he had personal knowledge of Dr. Dolenz filing a FCA (false claim act) to government, in spite of the facts given in (D) and (E) by Umprhes and Wickersham. This important impeachment document would alone probably produce an acquittal.

G. Winn failed to produce the proper and correct 1993 and 1994 AMA/CPT Code definitions, which would have been exculpatory as the definitions would have shown that Dr. Dolenz did what he was allowed to do. Winn made false interpretations of the AMA/CPT Codes as some were not time sensitive" or required FACE-TO-FACE. See Documents from the AMA Coding Department appended. EX 10. The AMA Coding Department indicated that some of the coding used by Winn DID NOT EXIST WITH THE AMA CODES.

H. Winn knew that the Code 90844 had no 'face-to-face requirement.

4

and that the Kruse case allowed for bundling of services into Code 90844 such as calling adjustors, making appointments, reviewing files, making reports, and preparing records. U.S. v. Kruse,_859 F. Supp. 5. 11 (D D.C. 1994) and 111 F3d 934 (D.C. Cir. 1997).

I. When Winn learned from Dr. Dolenz that the definitions he used were incorrect and based on false premises. Rather than correct the error to the jury, the Court, and those present, he prosecuted this defendant more vigorously calling him repeatedly a liar, which was also bolstered and parroted by Ms. Pustejovsky (SF 90, 95, 924, 922, 923, 924, 926, 930, 551, 592, 949, 950, 951, 953).

. . .

J. Winn failed to prove to a jury all facts legally essential to the conviction. And punishment of Dr. Dolenz pursuant to Neder, Apprendi, and Blakley. A defendant is permitted to challenge omission in indictment for first time even on appeal because it is a jurisdictional defect. U.S. v. Gondinez-Rabadan, 289 F3d 630, 632 (5th Cir. 2002).

*Id.* at 3-5.

Although Defendant is no longer in custody as to his conviction in this case, he cannot satisfy the two-prong test for obtaining a writ of error *coram nobis*. His allegations fail to raise a *Brady* claim and to meet the applicable burden of proof for seeking *coram nobis* relief. *See Beadles v. United States*, 95 F. App'x 549, at *1 (5th Cir. Apr. 21, 2004) (per curiam) (holding that "conclusory arguments, which are not supported by any record evidence, do not establish the exceptional circumstances warranting *coram nobis* relief"); *Jimenez v. Trominski*, 91 F.3d 767, 768-69 (5th Cir. 1996) (denying *coram nobis* relief because the petitioner failed to show that the prosecution suppressed evidence favorable to the accused under *Brady*). In addition, although Defendant refers to what he may allege are civil disabilities, he does so only

generally and, in any event, fails to demonstrate that he is suffering civil disabilities as a consequence of his conviction that could constitute the compelling circumstances that warrant *coram nobis* relief. *See United States v. Culley*, 264 F. App'x 413, 414 (5th Cir. 2008); *Dyer*, 136 F.3d at 429.

Because Defendant has failed to demonstrate that his conviction involves an error of a fundamental character resulting in a complete miscarriage of justice or that he is suffering the requisite civil disabilities as a consequence of his conviction, his request for *coram nobis* relief should be denied.

## Recommendation

For the foregoing reasons, the Court should deny Defendant's motion seeking review of *Brady Violations, Lack of Jurisdiction in Criminal Case, and Corum [sic] Nobis Relief* (Dkt. No. 256).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 4, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE